UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JUSTIN SULLIVAN,

                      Plaintiff,                      **MEMORANDUM & ORDER**
                                                                             19-CV-6500 (MKB)

        v.

AIRCRAFT SERVICES GROUP, INC. and
KERRY SAILLER,

                      Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Justin Sullivan commenced the above-captioned action on November 18, 2019, against Defendants Aircraft Services Group, Inc. ("ASG") and Kerry Sailler, (Compl., Docket Entry No. 1), and on March 31, 2020, Plaintiff filed an Amended Complaint, alleging that Defendants published false and defamatory statements about Plaintiff in order to interfere with Plaintiff's contractual and advantageous business relationships, (Am. Compl. 1–2, Docket Entry No. 27). Plaintiff alleges that Defendants violated section 349 of the New York General Business Law ("GBL § 349") and also asserts claims for libel per se, intentional interference with contract, and intentional interference with advantageous business relations. (*Id.* at 10–13.)

      On July 13, 2020, Sailler filed a motion to dismiss the second and third counts of the Amended Complaint, asserting claims for intentional interference with contract and intentional interference with advantageous business relations respectively, (Defs.' Mot. to Dismiss, Docket Entry No. 33; Defs.' Mem. in Supp of Mot. to Dismiss, Docket Entry No. 33-3), which ASG

joined,[1] (ASG Letter dated June 23, 2020, Docket Entry No. 31).  On December 2, 2020, ASG requested a premotion conference in anticipation of a motion to dismiss count four of the Amended Complaint, which alleges a claim for violation of GBL § 349, (ASG Letter for Premotion Conf. dated Dec. 2, 2020 ("ASG PMC Letter"), Docket Entry No. 39), and Plaintiff opposed, (Pl.'s Opp'n Letter to ASG PMC Letter dated Dec. 10, 2020 ("Pl.'s Opp'n Letter"), Docket Entry No. 40).

For the reasons explained below, the Court denies the application.

**I.   Discussion**

    **a.   Standard of review**

Rule 12(g)(2) of the Federal Rules of Civil Procedure states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2); *see also Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320–21 (3d Cir. 2015) (holding that a district court erred under Rule 12(g)(2) by allowing a defendant to file successive motion to dismiss raising argument not raised in initial motion to dismiss).  Under Rule 12(h)(2), a party may raise a defense based on Rule 12(b)(6) that it omitted from an earlier motion: (1) "in any pleading allowed or ordered under Rule 7(a)"; (2) "by a motion under Rule 12(c)"; or (3) "at trial."  Fed. R. Civ. P. 12(h)(2); *see also Kramer v. Dane*, No. 17-CV-5253, 2018 WL 5077164, at *4 (E.D.N.Y. July 26, 2018) (concluding that a motion under Rule 12(b)(6) was improper where the defendant previously filed a motion to

---

[1] ASG joined Sailler's motion to dismiss stating that "[a]ll of the arguments made on behalf of [Sailler] apply equally to ASG and the claims against ASG are based on the alleged actions of [Sailler], and cannot be maintained against ASG independent of [Sailler]."  (ASG Letter dated June 23, 2020.)

dismiss), *report and recommendation adopted*, 2018 WL 4489284 (E.D.N.Y. Sept. 19, 2018); *Torres v. UConn Health*, No. 17-CV-325, 2018 WL 2926277, at *6 (D. Conn. June 7, 2018) (finding that the defendants "would not be permitted to file a second motion to dismiss" because they "previously filed a Rule 12(b)(6) motion, and the defense asserted in the second motion was available at that time").

### b. Defendant's motion to dismiss is procedurally barred

ASG asserts that "even though ASG filed an Answer to [the] Complaint, the Amended Complaint contains new matter, in particular regarding alleged harm to Sullivan and the monetary damages described in [c]ount [four]." (ASG PMC Letter 4 (citing Am. Compl. ¶¶ 59–66, 104).) ASG further asserts that "[e]ven if the Court views the motion to dismiss as untimely because ASG answered the Complaint . . . , courts in this district will generally rule on" motions to dismiss such as this, where "ASG expressly raised as its [f]irst [a]ffirmative [d]efense that the Complaint fails to state a claim upon which relief can be granted." (*Id.*)

Plaintiff argues that Defendant's motion to dismiss count four of the Amended Complaint is untimely as (1) Defendant filed an Answer and (2) count four is not a new allegation against ASG but reflects a change in numbering from the Complaint, which previously stated the same GBL § 349 claim as count three. (Pl.'s Opp'n 1–3.) Plaintiff further argues that even if the Amended Complaint added count four, ASG waived its right to file a motion to dismiss when it joined Sailler's motion to dismiss counts two and three of the Amended Complaint, and that "[c]ontrary to ASG's assertion, courts have allowed a defendant to file an untimely motion to dismiss *only* where the defendant has previously reserved its defense." (*Id.* at 3.)

Although the Amended Complaint merely bifurcated count two of the Complaint into separate counts and restructured the numbering of the GBL § 349 claim from count three to

3

count four, the Amended Complaint includes a request for increased damages and additional information about Plaintiff's lost business opportunities. (*See* Am. Compl. ¶¶ 59–66, 104); *compare Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 398 (S.D.N.Y. 2007) (finding that a defendant's motion to dismiss a second amended complaint ("SAC") after filing an answer to the first amended complaint was timely "[b]ecause the SAC *adds factual allegations* . . . which further supports [the plaintiff's] claims against [the defendant]" (emphasis added)) *with Falcon v. Cty Univ. of New York*, No. 15-CV-3421, 2016 WL 3920223, at *14 (E.D.N.Y. July 15, 2016) (finding that a defendant's motion to dismiss a SAC after filing an answer to the first amended complaint was untimely because "the proposed SAC contains nearly identical allegations to the original complaint with the exception of a few allegations regarding the titles of the [i]ndividual [d]efendants").

The Court finds that Defendant's motion to dismiss count four is untimely because ASG could have moved to dismiss the GBL § 349 claim when it joined Sailler's motion or filed a separate motion. *See Ogunkoya v. City of Monroe*, No. 15-CV-6119, 2020 WL 3791850, at *4 (E.D.N.Y. July 7, 2020) (denying a motion to dismiss "to the extent [the defendants] raise defenses or objections that could have been or were previously presented or decided"); *Patane v. Nestle Waters N. Am., Inc.*, 369 F. Supp. 3d 382, 396 (D. Conn. 2019) (declining to consider the defendant's argument as it could have been raised in its prior motion to dismiss); *Naples v. Stefanelli*, No. 12-CV-4460, 2015 WL 541489, at *5 (E.D.N.Y. Feb. 7, 2015) (concluding that where defendants "could have" made an argument "in their first motion to dismiss, but did not," the argument was waived). ASG has waived its opportunity to raise a Rule 12(b)(6) motion. *See In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-CV-5053, 2020 WL 70938, at *2 n.12 (S.D.N.Y. Jan. 7, 2020) ("[The defendant] has foregone its

opportunity to argue under Rule 12(b)(6) that [the plaintiff] has failed to state a claim for relief . . . .").

Accordingly, the Court declines to grant a premotion conference on ASG's anticipated motion to dismiss as a 12(b)(6) motion is procedurally barred.[2] *See Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 350–51 (S.D.N.Y. 2014) (noting that during a premotion conference, the district court "determined that [the defendants] were [procedurally] precluded from filing a second motion to dismiss under Rule 12(b)(6)").

## II. Conclusion

For the foregoing reasons, the Court denies ASG's request for premotion conference in anticipation of their motion to dismiss.

Dated: January 7, 2021
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

---

[2] Because the Court finds that a Rule 12(b)(6) motion is procedurally barred, the Court declines to address ASG's substantive arguments. (*See* ASG PMC Letter 2–3.)