IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN SULLIVAN,<br><br>                      Plaintiff,<br>v.<br>AIRCRAFT SERVICES GROUP, INC. and<br>KERRY SAILLER,<br><br>                      Defendants. | Case Number: 19-CV6500 (MKB) (CLP) |

**PLAINTIFF, JUSTIN SULLIVAN'S, OPPOSITION TO AIRCRAFT SERVICES GROUP, INC AND KERRY SAILLER'S JOINT MOTION FOR FEES**

Plaintiff, Justin Sullivan ("**Sullivan**"), by and through counsel, hereby opposes Defendants Aircraft Services Group, Inc. ("**ASG**") and Kerry Sailler's ("**Sailler**") (collectively, the "**Defendants**"), Motion for Fees on the grounds that the attorneys' fees sought, and time entries in support thereof, are unreasonable and excessive. In further support, Sullivan states as follows:

**I.    Defendants' Counsel Seek Fees that are Unreasonable in Terms of Both Hours Spent and the Hourly rate.**

"An award of reasonable attorney's fees is typically calculated using the lodestar methodology, which requires the court to determine counsel's reasonable hourly rate and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion." *E. Point Sys., Inc. v. Maxim*, CIVIL ACTION NO.: 3:13-cv-00215-VAB, at *1 (D. Conn. May 18, 2015).

The Defendants are limited to "**reasonable expenses** incurred in **making** the motion, including attorney's fees." *Learning Care Grp., Inc. v. Armetta*, No. 3:13-cv-1540(VAB) (D.

1

*Conn. Sep. 2, 2015)* (emphasis supplied) (quoting Fed. R. Civ. P. 37(a)(5)(A)). Specifically, this Court's Order dated November 10, 2022 ("**Court's Order on Motion for Sanctions**") requires "[Sullivan] to reimburse [D]efendants' attorney's fees and costs necessitated by having to file the earlier motion to compel and [the] motion seeking sanctions." Dkt. No 55 at pg. 13.

This Court recently held that "[c]ourts can and should exercise broad discretion in determining a reasonable fee award." *Scelsi v. Habberstad Motorsport, Inc.*, 19-CV-4315 (FB), 2021 WL 6065768, at *2 (E.D.N.Y. Dec. 22, 2021). Further, "[w]here a party includes unnecessary hours in its fee application, the Court may, rather than engage in a line-by-line reduction of the billing records, make an across-the-board reduction in billable hours." *Id*. at *4.

Sailler filed the motion to compel on July 15, 2021 (containing 3 pages) and ASG joined Sailler's motion on July 16, 2021 (containing 3 pages). On January 26, 2022, the Defendants sought sanctions, embedded in the parties' joint status report. The motion to compel and the motion for sanctions are collectively hereinafter referred to as the "**Two Motions**."

The Defendants attribute a total of 88.6 hours and $29,814 in attorneys' fees (including 4 attorneys and a paralegal) incurred over a period of almost 2 years towards their Two Motions.

**A. Unreasonable Hourly Rate**

In December 2021, this Court found that $400 per hour for partners and $275 per hour for attorneys "are within the reasonable range, albeit at the higher end." *Scelsi*, 2021 WL 6065768, at *3. This Court further noted that prevailing rates for attorney in the Eastern District of New York are "up to $450 per hour for partners and $325 per hour for associates in fee shifting cases." *Id.* at *6 (citing *Reiter v. Maxi-Aids, Inc.*, 14 CV 3712 (SJF) (GRB), 2019 WL 1641306, at *4 (E.D.N.Y. Apr. 16, 2019)).

Defendants Motion for Fees includes hourly rates for partners at $775 and $785, attorneys at $510 and $535, and a paralegal at $300. Sullivan submits that the hourly rate billed by Defendants' counsel (including paralegal) are excessive and inconsistent with rates awarded to attorneys with comparable experiences in defamation cases in this District.

Accordingly, Sullivan requests that this Court reduce the hourly rates requested by Defendants.

## II. Defendants' Seek Fees for Excessive Work Outside the Preparation of the Two Motions.

"Once the Court determines the reasonable hourly rate, it must multiply that rate by the No. of hours reasonably expended, in order to determine the presumptively reasonable fee. In reviewing a fee application, the court should exclude 'excessive, redundant or otherwise unnecessary hours.'" *Scelsi*, 2021 WL 6065768, at *2 (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)). For reasons explained below, Sullivan further argues that the numbers of hours of legal fees, sought in connection with the Two Motions, are unreasonable.

This Court's has allowed Defendants to recover fees "necessitated by having to file" the Two Motions. Despite this, Defendants seek fees spanning a period of nearly two years. Much of this work was in no way "necessitated" by the "filing" - much less "making" - of the Two Motions. *See* Fed. R. Civ. P. 37(a)(5)(A).

The Defendants claim that the expenses towards the Two Motions began <u>around a year before</u> actually serving the motion to compel. Specifically, the time entries for Attorneys Eric Ferrante and Thomas Mealiffe ("**Sailler's Counsel**") begin from August 17, 2020. The time entries for Attorneys Marissa Koblitz Kingman and Robert J. Rohrberger along with paralegal

Dannielle Gunning (collectively, "**ASG's Counsel**") begin from August 26, 2020. The Defendants' time entries extend up to March 2022.

In August 2020, the Defendants served their first deficiency letter—neither of the Two Motions. During the course of the discovery process, Defendants' have served upon Sullivan four sets of requests for discovery production along with numerous deficiency letters. Such work does not relate to "making" or "filing" of either Defendants' Motions.

ASG's counsel provides no explanation of how their work relates to the making of the motion to compel, instead asking this Court and Sullivan to sift through no less than 30 pages of redacted invoices. Certain entries for these invoices show that many of the fees were incurred not in preparation of the motion to compel but instead, simply put, engaging in the discovery process and the litigation in general. For example, on August 31, 2020, a year before the Defendants served the motion to compel, ASG's counsel attempts to seek fees to "….review and analyze correspondence related to confidentiality order," then on, May 5, 2021, to "… review and analyze court minute entries related to motion to dismiss and discovery in abeyance." Generally, ASG's counsel provides extensive pages of invoices relating categorically to the discovery process- including prior deficiency letters. *See* generally, Exhibit A to the Certification of Marrisa Koblitz Kingman, Esq. Dkt. No. 57-2 at pages 2- 14.

While Sailler's Counsel provides a summary of their expenses in addition to 44 pages of redacted invoices, the fees submitted by Sailler's Counsel are, similarly, unreasonable and "do not specifically relate to the making of the [Two Motions] and provide no basis to disaggregate the motion to compel time from the time devoted to other tasks." See *Learning Care Grp., Inc.*, No. 3:13-cv-1540(VAB), at *7. For example, Sailler's counsel seek fees attributed to "review documents produced by plaintiff to determine compliance with discovery demands," which

appears at least four times in November 2021. *Id.* at 57-4 at pg 3. Irrespective of whether the Defendants filed the motion to compel, Defendants' counsel would have been required to review Sullivan's production and incur related costs. This Court should exclude Defendants' fees for "work that would have been performed (e.g., reviewing plaintiff's document production) even absent defendants' motion to compel." *LPD New York, LLC v. Adidas Am., Inc.*, 15-CV-6360 (MKB), 2018 WL 6437078, at *2 (E.D.N.Y. Dec. 7, 2018); see also *Scelsi*, 2021 WL 6065768, at *5.

In *RBS Holdings, Inc. v. Gordon Ferguson, Inc., No. 06 CIV. 6404(HB)(KNF)*, 2007 WL 2936320, at *3 (S.D.N.Y. Oct. 4, 2007), the Court declined to award attorneys' fees for tasks grouped with other tasks which did not relate to the motion to compel. This Court should do the same here.

Sullivan submits that the invoices submitted by Defendants counsel dating back to August 2020 until the time prior to the motion to compel do not in any way reflect the work done filing or making the Two Motions. *See Learning Care Grp., Inc. v. Armetta*, No. 3:13-cv-1540(VAB), at *6,7 (D. Conn. Sep. 2, 2015)(the Court excluded time entries which did not **specifically** relate to work on the "motion to compel") (emphasis supplied). The Defendants, here, should not be entitled to recover such fees.

Clarifying, Courts have routinely allowed attorneys' fees limited to the drafting, arguing of a motion to compel or motion for sanctions, not for the entirety of the discovery disputes between parties. Specifically, here, Defendants' counsel claim that they spent almost 2 years on the Two Motions, claiming over 80 hours in fees which include any and all discovery disputes between the parties. Such time is not reasonably incurred in preparing the two three-page of the motion to compel and a three-page joint status report (which included a request for sanctions).

5

In *Ortiz v. Eskina,* 214 Corp., 21-CV-1537 (ALC) (KHP), at *3 (S.D.N.Y. Oct. 24, 2022, the Court found that that "[t]he motion to compel is itself only nine pages long, with the legal argument comprising only 4 pages. To say that it is bare bones would be an understatement. The time spent was wholly excessive. No more than two hours of associate time was warranted, and no more than a half hour of partner time should have been incurred on the motion."

Here, similarly, the Two Motions combined are barely 9 pages long with minimal legal arguments. The Defendants request fees for 88.6 hours, in the amount of $29,814, for 4 attorneys and a paralegal, incurred over the course of nearly 2 years towards their Two Motions. Sullivan submits that this is unreasonable and excessive.

## **Conclusion**

In light of the foregoing reasons, Sullivan requests that Court reduce the fees, to be consistent with a reasonable hourly rate and limited to work reasonably necessitated by the filing and making of the Two Motions.

Attorneys for Plaintiff Justin Sullivan

*Stuti Venkat*
_____
Seth H. Salinger (BBO# 555426)
Admitted Pro Hac Vice
Stuti Venkat (NY State Bar # 5627591)
53 Langley Road
Suite 270
Piccadilly Square
Newton, MA 02459
Telephone (617) 244-7630
Fax (877) 222-3572
sethsal@gmail.com
stutivenkat53@gmail.com

Date: December 30, 2022

**CERTIFICATE OF SERVICE**

I, Stuti Venkat, hereby certify that on December 30, 2022, I served the foregoing documents upon counsel *via* the Court's electronic filing system and email.

*Stuti Venkat*
Stuti Venkat